The People of the State of New York, Respondent, *v.* Samuel Wiesenthal, Appellant.

Crimes — Labor Law — factories — exits — where defendant maintains in factory all exits required by law, act of landlord in closing door between it and part of premises leased to another not attributable to him.

Where a factory is maintained with every exit required by the statute (Labor Law, § 272; Cons. Laws, ch. 31), violation by the landlord and by the tenant of the adjoining factory in reducing the number of exits of that factory by barring and otherwise obstructing the door between the two factories does not constitute an infraction of the law as to the factory occupied by defendant. Their illegal acts in relation to that factory cannot be attributed to defendant.

*People* v. *Wiesenthal*, 222 App. Div. 172, reversed.

(Argued March 28, 1928; decided May 8, 1928.)

Appeal, by permission, from a judgment of the Appellate Division of the Supreme Court in the first judicial department, entered December 23, 1927, which affirmed a judgment of the Court of Special Sessions of the city of New York, convicting the defendant of a violation of section 272 of the Labor Law in that as a proprietor conducting a factory where two or more persons were employed, he had, during working hours, kept a door leading into and out of said factory locked or fastened. Defendant occupies the larger part of the floor of a building formerly used as offices. When he leased it the landlord removed all partitions, making one large room, and permanently closed a door which led into one of the rooms not leased to defendant. This is the door complained of. Aside from this the premises have more than the number of exits required by statute.

*Bernard Gordon* and *Harry A. Lieb* for appellant. Section 272, subdivision 3, of the Labor Law does not

refer to a former door of an interior partition, where the defendant concededly has the required number of exits. (*Lau Ow Bew* v. *U. S.*, 144 U. S. 47; *Jacobson* v. *Massachusetts*, 197 U. S. 39.)

*George P. Nicholson, Corporation Counsel (J. Joseph Lilly* and *Vine H. Smith* of counsel), for respondent. The door in the partition between the factory premises leased by the appealing defendant and the factory conducted by the United Weaving Company was a " door leading into or out of any factory " within the meaning of section 272, subdivision 3, of the Labor Law, and was kept " locked, bolted or fastened " by the defendant within the condemnation of that statute and in violation of its provisions. (*People* v. *Shevitz*, 177 App. Div. 565; 224 N. Y. 627; *People* v. *Lewis*, 160 N. Y. Supp. 765.)

*Per Curiam.* There was no violation of section 272 of the Labor Law (Cons. Laws, ch. 31) by defendant. His factory was maintained with every exit required by the statute. Violation by the landlord and by the tenant of the adjoining factory in reducing the number of exits of that factory by barring and otherwise obstructing the door between the two factories does not constitute an infraction of the law as to the factory occupied by defendant. Their illegal acts in relation to that factory cannot be attributed to defendant.

The judgment of the Appellate Division and that of the trial court should be reversed and the defendant discharged.

Cardozo, Ch. J., Pound, Crane, Andrews, Lehman, Kellogg and O'Brien, JJ., concur.

Judgments reversed, etc.